### 24071. HODGES et al. v. PEEK.

STEPHENS, J.  1. This being a suit to recover damages for personal injuries alleged to have been received by the plaintiff by being hit by a plank projecting from the defendants' automobile truck while the plaintiff's automobile truck and the defendants' automobile truck were passing each other, going in opposite directions along a highway of this State, and it being alleged that the defendants were negligent in allowing the plank to protrude from their truck and in driving the truck along a public road at night with only one headlight,' in operating the truck at a rate of speed beyond that allowed by law, and in failing to give the plaintiff any part of the road, and while the evidence is decidedly conflicting and authorizes an inference that the defendants were not negligent as alleged and that the plaintiff's injuries were caused by his own negligence, the evidence is sufficient to authorize an inference that the plaintiff was injured by the negligence of the defendants as alleged, and that the defendants also were negligent, in permitting their truck to be operated with only one headlight which was on the right of the defendants' truck, and that the defendants were otherwise negligent as alleged; and the evidence is further sufficient to authorize the inference that the driver of the truck which it was alleged was being operated by the defendants was a servant of both of the defendants in the operation of the truck at the time, and was acting within the scope of his authority as such, and that the plaintiff suffered severe physical injuries as a result of the defendants' negligence as alleged, the verdict found for the plaintiff against both defendants was authorized, and is not contrary to law upon the ground that it appears conclusively, as a matter of law, that the plaintiff's injuries were not caused by any act of negligence of either of the defendants.

2. A charge of the court that the jury was to settle three questions in the case, namely, whether the defendants' servant operating the defendants' automobile truck was negligent at the time and place alleged, and, if negligent, who was liable for such negligence, and what damages were recoverable, was not error upon the ground that it excluded from the consideration of the jury whether both the plaintiff and the defendants were negligent, whether the negligence of the plaintiff equalled or exceeded the negligence of the defendants, the question as to the ownership of the truck alleged to have been operated by the defendants' servant, whether one or both of the defendants owned it, and upon whose business was the truck being operated at the time, whether the operator of the truck was the servant of both defendants or of only one of them, where the court elsewhere in the charge instructed the jury that if they believed that the driver of the truck alleged to belong to the defendants was not in the discharge of the business of both defendants but was in the discharge of the business of only one of them, there would be no liability against any one except the defendant whose servant was driving the truck, and where the court also charged the jury that if they should determine that both the plaintiff and the defendants were guilty of negligence and that the degree of negligence chargeable to the plaintiff was equal to or exceeded that of the defendants, the plaintiff could not recover.

3. Where there was adduced upon the trial evidence from which it could be inferred that the plaintiff, just prior to the time of the alleged injury, was operating his automobile truck, heavily loaded with ice, down a hill, approaching a bridge at a rapid and negligent rate of speed, newly discovered evidence of witnesses whose evidence was not adduced upon the trial that the plaintiff's truck descended the hill at a terrific rate of speed, of sixty or sixty-five miles an hour, that the truck was loaded with heavy ice and with four men upon it, and that the plaintiff pushed out the clutch in order to gain additional momentum, was merely cumulative and not such as would likely produce a different verdict upon another trial. The court did not err in overruling the defendants' motion .for a new trial upon the ground of alleged newly discovered evidence.

4. The verdict found for the plaintiff was authorized, and no error appears.

5. The court did not err in overruling the defendants' motion for a new trial.    *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 23, 1935.

*J. A. Hixon, W. T. Lane & Son,* for plaintiffs in error. .
*Hollis Fort, Dykes & Dykes,* contra.